UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| CY MIGUES and MICHURU MIGUES | CIVIL ACTION NO. 6:17-cv-00777 |
| VERSUS | JUDGE JAMES |
| TOMMY RILEY, OAKLEY RENTALS, and PROTECTIVE INSURANCE COMPANY | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Currently pending is the plaintiff's motion for leave to file a first supplemental and amending complaint. (Rec. Doc. 6). The motion is opposed. (Rec. Doc. 8). Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, IT IS RECOMMENDED that the motion be GRANTED and this matter be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.

### BACKGROUND

This lawsuit originated in the 15th Judicial District Court, Lafayette Parish, Louisiana, and arises out of a motor vehicle accident that occurred on May 17, 2016. The plaintiffs claim that Cy Migues was injured in that accident and that his wife Michuru Migues sustained a loss of consortium due to his injuries. The plaintiffs sued Tommy Riley, the driver of the 18-wheeler that allegedly collided with Mr.

Migues's vehicle; Oakley Rentals, the employer of Mr. Riley and the owner of the truck he was driving; and Protective Insurance Company, their alleged insurer. Protective removed the action to this court, alleging that this Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold. A week later, the plaintiffs filed the motion to amend, seeking to substitute Oakley Trucking, Inc. for Oakley Rentals, and seeking to add two additional parties, Drew Bonvillain and Mr. Bonvillain's insurer, State Farm Mutual Automobile Insurance Company. The plaintiffs explained that the first requested amendment was simply to clarify the name of the entity that owned the vehicle involved in the accident. The plaintiffs explained that they sought to add Mr. Bonvillain and State Farm as defendants because Mr. Migues was involved in a second, unrelated motor vehicle accident involving Mr. Bonvillain approximately a month after the accident on which his lawsuit was originally based. Fearing that the defendants would suggest that his damages arose out of the second accident rather than the first accident – or that the injuries sustained in the first accident were aggravated by the second accident – the plaintiffs decided to seek amendment of their complaint to include the persons allegedly responsible for the second accident as well as those allegedly responsible for the first accident.

This Court deferred ruling on the motion to amend in order to determine whether it had subject-matter jurisdiction over the suit as originally pleaded. Following briefing by the parties, this Court found that the parties named in the plaintiffs' original petition are diverse in citizenship and the amount in controversy under the facts alleged in the original petition exceeds the jurisdictional threshold.

This Court must now decide whether the requested amendment of the plaintiffs' complaint should be permitted.

### LAW AND ANALYSIS

The proposed amended complaint states that Mr. Bonvillain resides in Louisiana. The citizenship of a natural person is determined by the state in which he is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[1] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[2] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[3] Therefore, the plaintiffs have made a *prima facie* showing that Mr. Bonvillain is a

---

[1]  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[2]  *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[3]  *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d at 571.

Louisiana citizen. Therefore, this Court finds that permitting the complaint to be amended to add Mr. Bonvillain as a defendant would destroy diversity.

Typically, amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states that leave to amend "shall be freely given when justice so requires." In removed cases, however, a district court has discretion to either grant or deny the amendment of a complaint when subject-matter jurisdiction is based on diversity and the plaintiff seeks to amend the complaint by adding a non-diverse party.[4] Thus, when faced with a motion to amend a complaint to add a non-diverse defendant in a removed case, federal courts are required to scrutinize the proposed amendment more closely than they would other proposed amendments.[5] Deciding whether to permit an amendment that would destroy the court's subject-matter jurisdiction requires a balancing of the diverse defendant's interest in retaining the federal forum with the plaintiff's competing interests.[6] In such a situation, "the court may deny joinder, or permit joinder and remand the action to the State court,"[7] and

---

[4] 28 U.S.C. § 1447(e); *Schindler v. Charles Schwab & Co., Inc.*, 2005 WL 1155862, *2 (E.D. La. 2005) (citing *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F.Supp. 359, 360 (M.D. La. 1997)). See also *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 476 (5th Cir. 2001).

[5] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

[6] *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[7] 28 U.S.C. § 1447(e).

"[t]he decision between these two options rests squarely within the discretion of the district court."[8]

In *Hensgens v. Deere & Co.*, the Fifth Circuit identified four factors that should be considered in deciding whether to permit such an amendment: (1) whether the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff was dilatory in requesting the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) whether any other factors bear on the equities.[9] Each factor will be addressed in turn.

In analyzing the first *Hensgens* factor, courts consider whether the plaintiff knew the identity of the non-diverse defendant when the state court complaint was filed and whether the plaintiff has stated a valid claim against the non-diverse defendant.[10] A plaintiff's possession of a valid claim suggests that the purpose of a proposed amendment is not to defeat diversity.[11] But when the plaintiff knew the

---

[8] *Martinez v. Holzknecht*, 701 F.Supp.2d 886, 888-89 (S.D. Tex. 2010). See, also, *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[9] *Hensgens v. Deere & Co.*, 833 F.2d at 1182.

[10] See, e.g., *Fontenot v. Johnson & Johnson*, No. 10-CV-162, 2012 WL 2064722, at *4 (W.D. La. Apr. 13, 2012), *report and recommendations adopted*, 2012 WL 2064848 (W.D. La. June 5, 2012); *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726 (S.D. Tex. 2016).

[11] See *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) ("the plaintiff had a valid cause of action against the DOTD, so the principal purpose of the amendment was not to defeat federal jurisdiction.").

nondiverse defendant's identity when the lawsuit was originally filed in state court but did not name him as a defendant, this suggests that the motion to amend was intended to frustrate diversity jurisdiction.[12] In this case, the plaintiffs were aware of the second accident and knew the identities of the persons involved in the second accident when they initiated this lawsuit in state court. They also filed a separate lawsuit in state court regarding the second accident the day before they filed the motion to amend. This suggests that they failed to name Mr. Bonvillain in an effort to frustrate federal-court jurisdiction. However, the plaintiffs seem to have a valid cause of action against Mr. Bonvillain and his insurer, which suggests that the omission of Mr. Bonvillain's name in the original petition was not for the purpose of avoiding federal-court jurisdiction. This first factor is, therefore, neutral.

In analyzing the second *Hensgens* factor, courts often examine the amount of time between the initiation of the original state court action and the filing of the motion to amend as well as the amount of time between removal of the case to federal court and the motion to amend.[13] In general, a plaintiff is not dilatory in seeking to amend his complaint if the trial has not yet been scheduled and no significant activity

---

[12] *Martinez v. Holzknecht*, 701 F.Supp.2d at 889 (collecting cases).

[13] *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d 719, 726-27 (S.D. Tex. 2016).

beyond the pleading stage has occurred.[14] The analysis is different, however, when the proposed amendment would add a non-diverse defendant after removal and therefore defeat diversity jurisdiction. In that situation, a delay in making the request to amend of two months after filing the original complaint or thirty days after the notice of removal has been found dilatory.[15]

In this case, the motion to amend was filed only a week after the case was removed, and removal occurred only thirty-six days after the suit was filed. Therefore, this Court finds no indication of bad faith or dilatory motive on the plaintiffs' part, and the explanation they provided for the failure to name Mr. Bonvillain and his insurer in the original petition is plausible. Similarly, there is no suggestion the plaintiffs' failure to name the additional parties in the original petition served some strategic purpose. Therefore, this Court concludes that there is no evidence that the plaintiffs were dilatory in seeking to amend their complaint. The second *Hensgens* factor therefore weighs in favor of granting the motion.

---

[14] *Gallegos v. Safeco Ins. Co. of Indiana*, No. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009).

[15] *Richardson v. Wal-Mart Stores Texas, LLC*, 192 F.Supp.3d at 726-27; see also *Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. 15–CV–19, 2015 WL 1275915, at *6 (W.D.Tex. Mar. 19, 2015) (noting that courts have found similar delays dilatory, especially where the plaintiff knew of the non-diverse defendant's role in the case at the time of filing in state court and yet failed to sue that defendant).

In analyzing the third *Hensgens* factor, courts ask "whether a plaintiff can be afforded complete relief in the absence of the amendment."[16] Therefore, "courts consider whether the already named diverse defendant would be unable to satisfy a future judgment."[17] Here, no dispute has been articulated concerning the originally-named defendants' ability to satisfy a judgment in the proposed defendants' absence, but the issue is what the amount of that judgment would be and how any damages would be apportioned among liable parties given that there likely will be a dispute concerning whether the originally-named defendants are solely responsible for Mr. Migues's injuries or if the parties involved in the second accident should bear some responsibility for his injuries. Considerations of cost, judicial efficiency, and potentially inconsistent results are also relevant in evaluating this factor.[18] The two accidents occurred very close in time, and it is certainly possible that the second accident might have aggravated the injuries sustained in the first accident or caused new injuries. Unraveling which accident resulted in which injuries might be a difficult task. Therefore, having all potentially responsible parties in the same

---

[16] *Lowe v. Singh*, No. H-10-1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (citation omitted).

[17] *Gallegos v. Safeco Ins. Co. of Indiana*, 2009 WL 4730570, at *5.

[18] *Porter v. Times Group*, No. 16-121-JJB-RLC, 2016 WL 8257692, at *6 (M.D. La. Nov. 4, 2016), report and recommendation adopted, 2017 WL 628296 (M.D. La. Feb. 15, 2017).

proceeding would be an advantage for the plaintiffs. However, the plaintiffs also argued that if their motion were granted and this case were remanded to state court, they would be able to have the two pending state-court actions consolidated and adjudicated together. If, on the other hand, the motion were denied and this case were maintained, there is a possibility of piecemeal litigation and inconsistent rulings among the various pending lawsuits. Consequently, this Court finds that the third factor weighs in favor of granting the motion.

Under the fourth *Hensgens* factor, a court must consider any other factors bearing on the equities. While it is true that the original defendants will suffer some prejudice if the motion is granted because they will lose access to the federal forum of their choosing, and that choice was certainly justifiable at the time of removal, the Court must question whether the defendants will actually experience any prejudice if they are required to defend against the asserted claims in state court. The issues presented in this case are entirely a matter of Louisiana state law, which the Louisiana state court is capable and competent to resolve. Furthermore, this litigation remains in the earliest stages with very little motion practice accomplished, no scheduling order issued, and no trial date set. Any discovery that might already have been conducted will not be wasted, as it would be equally applicable to the state-court litigation. This Court must, therefore, balance the original defendants' interest in

maintaining a federal forum with the plaintiffs' competing interest in avoiding potentially parallel litigation. "[T]here is no reason to anticipate that the state court would not or could not make fair determinations on the matters at issue."[19] Therefore, the final factor weighs in favor of granting the motion.

Accordingly, this Court finds, after balancing the relevant concerns of the parties in light of the analysis required by the Fifth Circuit, that the better course of action would be to permit the plaintiffs to assert their claims against the proposed defendants, which will require that this action be remanded to state court. Therefore,

IT IS RECOMMENDED that plaintiffs' motion to amend their complaint (Rec. Doc. 6) be GRANTED and this matter be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana, for further proceedings.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[19] *Fontenot v. Johnson & Johnson*, 2012 WL 2064722, at *6.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 25th day of September 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE